UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YARISA LEWIS, <br><br> Plaintiff, <br><br> vs. <br><br> ACCOUTN RESOLUTION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC. <br><br> Defendant. | Case No.: 2:20-cv-3159 |

**PLAINTIFF'S OPPOSITION TO PETITONER'S MOTION TO QUASH SERVICE**

Plaintiff Yarisa Lewis, by and through undersigned counsel, respectfully submits this opposition to ARS Account Resolution Services' ("ARS") Motion to Quash the attempted Service of Process and Dismiss Plaintiff's Complaint [ECF 13]. This should be denied because the Court should find that service was effectuated. Further, if service was not effective, Plaintiff can show good cause for the delay and respectfully requests an extension of time to serve. Alternatively, even if the Court decides that Plaintiff cannot show good cause, the Court should still allow an extension of time.

Fed. R. Civ. P. 4(m) states, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

First, ARS should be estopped from claiming non-service because service was denied at the location it now argues was the appropriate address. Specifically, Plaintiff attempted service at the address that ARS admits is the right address within the appropriate time frame. However,

when the process server attempted service, they were told that the location was not accepting service and gave another address. *See* Exhibit A, affidavit of non-service from October 14, 2020.

The second two affidavits show attempts to serve ARS at the address that the first process server was given. *See* Exhibits B and C. Specifically, the first process server was told to serve the Alcoa Billing Center, at 3429 Regal Drive, in Knoxville, Tennessee 37701. The second affidavit shows that the proper address was actually 3429 Regal Drive, in Alcoa, Tennessee, about twelve miles outside of Knoxville. The last affidavit shows successful service was made on October 21, 2020, well within the 90 days set by Rule 4(m). Simply put, service was attempted at the address that ARS now admits is the proper address. ARS was then given the other address to serve. ARS cannot be allowed to avoid service by refusing service at one address and directing servers to an inappropriate address. Instead, Rule 4(m) was satisfied because ARS was served at the appropriate address and refused service.

Likewise, another court in the Eastern District of Pennsylvania has found that service was effectuated upon a defendant who had evaded service in a similar manner. In *Agnew v. E8Trade Sec. LLC*, 811 F. Supp. 2d 1177, 1181 (E.D.Pa. 2011), the court actually ordered the U.S. Marshals Service to attempt to serve the defendant at a specific address in California. However, upon arriving at the location, the Marshal was told that process needed to be served at a different (and incorrect) address in Pennsylvania. Upon a second attempt at the latter address, service was not accepted. *Id*. At a subsequent hearing, the court found service was then effectuated via local counsel and directed an entry of default against defendant for dilatory tactics in evading service of process. *Id*. at 1182. The court later set aside the default for an alternative sanction of $10,000 as well as expenses incurred. *Id*. at 1186. Similarly, in this case, a first attempt at the correct

address was made. *See* Ex. A. The server was then directed to an incorrect address. ARS has thus evaded service and the Court here should similarly find that service is now effectuated.

Even if Rule 4(m) was only satisfied in spirit, and not in principle, then Plaintiff has demonstrated good cause for an extension of time to serve, as Plaintiff's agent was directed to the "wrong" address.[1] In the Third Circuit, courts determine extensions of time to serve based on a two-pronged inquiry. "First, the court must determine whether good cause exists for the failure to have effected service in a timely manner. If so, the extension must be granted. If good cause has not been shown, however, the court still may grant the extension in the sound exercise of its discretion." *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998) (*citing MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995)).

The Third Circuit equates "good cause" with the concept of "excusable neglect," which requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *MCI*, 71 F.3d at 1097 (citations omitted). Further, "[g]ood cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (*citing Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991)). In this case, since the server was told to serve another address, this constitutes faulty advice and an "outside factor", not contingent on Plaintiff's good faith efforts to effectuate service. As such, Plaintiff's agent relied on "faulty" advice from ARS itself and good cause is shown for an extension of time to obtain proper service.[2]

---

[1] ARS argues prematurely that there is "no excuse for Plaintiff failing to serve ARS Account Resolution Services when Plaintiff identified the correct address . . . ." [ECF 13-2], p. 7. It is actually absurd for ARS to argue this point without having knowledge of the circumstances.

[2] Assuming ARS will now accept service at its Florida address.

Alternatively, if the Court determines these circumstances do not constitute good cause, Plaintiff still respectfully requests that the Court grant an extension of time to serve. "Even in the absence of good cause, a district court has the discretion to extend the time for service of process." *Lepone-Dempsey*, 476 F.3d at 1281; *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1133 (11th Cir. 2005); *Henderson v. United States*, 517 U.S. 654, 663, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996). "[W]hen a district court finds that a plaintiff fails to show good cause . . . the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Id.* at 1282; *see also Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1288, 1307 (3d Cir. 1995). This relief may be justified if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service. *See Horenkamp*, 402 F.3d at 1132-33 (*citing* Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments). Courts must especially consider the statute of limitations factor. The "fact that the suit cannot be resolved on the merits is a factor that must be given close attention." *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341 (7th Cir. 1996); *see also Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984).

In this case, the defendant has essentially evaded service by directing the server to another address. Further, Plaintiff has brought an allegation under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). The FDCPA has a one-year statute of limitations. 15 U.S.C. 1692k(d). At this point, without discovery, it is unknown how long ARS' inaccurate reporting was maintained and it may be that the statute has now passed. Because the FDCPA has a shor statute of limitations, Plaintiff may be barred from bringing that claim again. Notably, this is in addition to defendant's evasion of service. For these reasons, Plaintiff

respectfully requests an extension of time to serve ARS, if the Court deems that service was not already effective.

Dated: December 29, 2020.

                                                Respectfully submitted,

                                                /s/ Nicholas Linker
                                                Nicholas Linker, Esq.
                                                ZEMEL LAW LLC
                                                660 Broadway
                                                Paterson, New Jersey 07514
                                                T: 862-227-3106
                                                NL@zemellawllc.com
                                                Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

    I hereby certify that on this 29th day of December, 2020 a true and correct copy of the foregoing document was sent to all counsel of record via the Court's ECF system.

                                                /s/ Nicholas Linker
                                                Nicholas Linker, Esq.