IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YARISA LEWIS : <br> : <br> Plaintiff : <br> : Civil Action No. 2:20-CV-03159-JMY <br> v. : <br> : <br> ACCOUNT RESOLUTION SERVICES, LLC, : <br> EXPERIAN INFORMATION SOLUTIONS, : <br> INC. : <br> : <br> Defendants : | |

**PETITIONER ARS ACCOUNT RESOLUTION SERVICES' REPLY BRIEF IN SUPPORT OF ITS MOTION TO QUASH PLAINTIFF'S ATTEMPTED SERVICE OF PROCESS AND TO DISMISS PLAINTIFF'S COMPLAINT**

Petitioner, ARS Account Resolution Services ("Petitioner" or "ARS Account Resolution Services"), by and through its undersigned counsel, submits this Reply Brief in Support of its Motion to quash the attempted service of process on Petitioner and to dismiss Plaintiff's Complaint pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**I.    Argument**

Contrary to Plaintiff's claims, Petitioner has never evaded or refused service in this case. (Doc. 17 at pp. 1-4). Plaintiff has never served this lawsuit on Petitioner. (Doc. 13-3 at ¶¶ 9-11). Plaintiff has attempted to serve Petitioner with a Summons and Complaint involving "Account Resolution, Services, LLC," <u>which is not Petitioner</u>. (Doc. 1; Doc. 13-3 at ¶ 6; *see* Docket Entry dated June 29, 2020). To the extent that Plaintiff was attempting to serve Petitioner, the Summons was defective as it named an entity that is completely unrelated to Petitioner. (*See* Docket Entry dated June 29, 2020); Fed. R. Civ. P. 4(a)(1)(B). Plaintiff purports to have served Petitioner at 3429 Regal Drive, Alcoa, TN 37701, but Petitioner does not have an address or a registered agent at this location. (Doc. 13-3 at ¶¶ 9-10; Doc. 17 at p. 2). An individual named Ashley Durban

purportedly "accepted" service, but there is no one with this name who is employed by Petitioner. (Doc. 13-3 at ¶ 10). Thus, there is no evidence that Plaintiff has served Petitioner with this lawsuit.

Plaintiff claims that the process server who went to Petitioner's address was "told that the location was not accepting service and gave another address." (Doc. 17 at pp. 1-2). Plaintiff's Opposition provides no support regarding the process server's alleged statement. (Docs. 17-18). Plaintiff's Opposition has failed to identify any details about the individual(s) who allegedly told the process server to go to another address. (Docs. 17-18).

Plaintiff cites *Agnew v. E\*Trade Sec. LLC*, 811 F. Supp. 2d 1177 (E.D. Pa. 2011) in an attempt to argue that service was effectuated on Petitioner. (Doc. 17 at pp. 2-3). However, the facts in that case are completely distinguishable. The petitioners attempted to serve the lawsuit initially upon the defendant's attorney. *See Agnew*, 811 F. Supp. 2d at 1180-1181. The court subsequently directed the defendant at a conference to provide contact information for individuals who could receive service from the U.S. Marshals Service. *Id.* at 1181. The U.S. Marshals Service was then unable to serve the defendant at the location that was provided by the defendant. *Id.* The defendant then provided the Deputy U.S. Marshal with another address for service but the Deputy U.S. Marshal was not able to effectuate service at that address either. *Id.*

Here, Plaintiff attempted to serve Petitioner directly, and there was no involvement of the U.S. Marshals. (Doc. 18). There is no evidence that Plaintiff tried to contact any of Petitioner's attorneys regarding serving the lawsuit or to inquire as to who might be authorized to accept service of the lawsuit. Plaintiff also has no details regarding who allegedly told the process server to go to a different address. (Doc. 18). Thus, Plaintiff has failed to serve this lawsuit on Petitioner, and has shown no good cause for extending Plaintiff's deadline for service.

## II.     Conclusion

For the foregoing reasons, Petitioner ARS Account Resolution Services respectfully requests that this Court grant its Motion, quashing the attempted service of Plaintiff's Complaint and dismissing Plaintiff's Complaint pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

    Respectfully submitted,

    **KAUFMAN DOLOWICH & VOLUCK, LLP**

By:    /s/ Monica M. Littman
        RICHARD J. PERR, ESQUIRE
        MONICA M. LITTMAN, ESQUIRE
        Four Penn Center
        1600 John F. Kennedy Blvd., Suite 1030
        Philadelphia, PA 19103
        Telephone: (215) 501-7002
        Facsimile: (215) 405-2973
        rperr@kdvlaw.com; mittman@kdvlaw.com
        Attorneys for Petitioner ARS Account Resolution Services

Dated: January 12, 2021

**CERTIFICATE OF SERVICE**

    I, MONICA M. LITTMAN, hereby certify that on this date I served a true and correct copy of the foregoing electronically via the Court's CM/ECF system on the following:

Nicholas Linker, Esquire
Zemel Law LLC
1373 Broad Street, Suite 203-C
Clifton, NJ 07013
nl@zemellawllc.com
Attorney for Plaintiff Yarisa Lewis

Kelly M. Locher, Esquire
Jones Day
500 Grant Street
Suite 4500
Pittsburgh, PA 15219
klocher@jonesday.com

Mohammad A. Ghiasuddin, Esquire
Margolis Edelstein
The Curtis Center, Suite 400E
170 S. Independence Mall W.
Philadelphia, PA 19106-3337
mghiasuddin@margolisedelstein.com
Attorneys for Defendant Experian Information Solutions, Inc.

Date: January 12, 2021

/s/ Monica M. Littman
MONICA M. LITTMAN, ESQUIRE

4847-2461-5126, v. 1