UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YARISA LEWIS, | ) | Case No: 2:20-cv-3159 |
| Plaintiff, | ) ) | |
| vs. | ) ) | FIRST AMENDED COMPLAINT |
| | ) ) | |
| ARS ACCOUNT RESOLUTION SERVICES; EXPERIAN INFORMATION SOLUTIONS, INC., | ) ) ) ) | |
| Defendants. | ) | |

Plaintiff, Yarisa Lewis (hereinafter "Plaintiff" or "Lewis") alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (hereinafter "FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a natural person who at all relevant times has resided in Chester County, Pennsylvania.

5. Defendant ARS Account Resolution Services ("ARS") is a company regularly conducting business in Pennsylvania with its principal place of business located at 1643 NW 136th Avenue, Building H, Suite 100, Sunrise, Florida 33323. ARS regularly and in the ordinary course of

business furnishes information to various consumer reporting agencies regarding ARS's transactions with consumers, and is a "furnisher" of information as contemplated by FCRA § 1681s-2(a) & (b). ARS is also a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

6. Defendant Experian Information Solutions, Inc. ("Experian") is a business entity that regularly conducts business in Pennsylvania with its principal place of business as 475 Anton Blvd. Costa Mesa, California 92626. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

## BACKGROUND

7. There are two types of reporting entities on consumer credit reports.

8. One type of reporting entity is the credit reporting agency ("CRA"), which reports information about the Plaintiff to users of these credit reports.

9. The second type is called a Furnisher in the credit reporting industry. A Furnisher is a creditor that furnishes information related to its experience with the Plaintiff to the CRAs.

10. Credit reporting activities of both the CRAs and Furnishers are regulated by the FCRA.

11. The FCRA's purpose is to ensure that CRAs and Furnishers follow proper procedure in ensuring that a consumer's credit report is reporting accurately.

12. Every credit report contains a number of lines representing a placeholder for a specific Furnisher to report about a debt or credit line incurred by a consumer. These lines are known as trade lines.

13. Trade lines have a number of fields which convey a significant amount of information to prospective creditors and which directly affect FICO credit scores.

14. The Date of Status field represents the day a debt is deemed uncollectible and thus charged off. *Toliver v. Experian Info. Solutions, Inc*., 973 F. Supp. 2d 707, 725 (S.D. Tex. 2013). The Date of Status corresponds to a separate Status segment of the trade line. The Status segment reveals various forms of information concerning the trade line. The Date of Status should remain uniform throughout each credit report disclosing the trade line as this date does not change regardless of whether the original creditor sells the debt to a third party.

15. The First Reported date reflects the date in which the debt had its first major delinquency or was first reported to the credit bureaus. *Toliver*, 973 F. Supp. 2d 723. This date also cannot be changed.

## FACTUAL STATEMENT

16. Plaintiff allegedly owed consumer debts due to ARS through primarily personal, familial and household use.

17. ARS paced trade lines on Plaintiff's credit report bearing the account numbers:

    ARS ACCOUNT RESOLUTION: #72754769;

    ARS ACCOUNT RESOLUTION: #73408337;

    ARS ACCOUNT RESOLUTION: #73500358;

    ARS ACCOUNT RESOLUTION: #73646541;

    (collectively the "ARS Accounts").

18. In reviewing Plaintiff's credit report dated June 1, 2018, Plaintiff noticed that Experian was reporting more recent dates than were accurate for these accounts.

19. In a dispute letter to Experian dated June 26, 2018, Plaintiff disputed the ARS Accounts.

20. Thereafter, in response to Plaintiff's dispute, on Plaintiff's Experian Dispute results dated August 23, 2018, dates which must remain static reported on the aforementioned trade lines were altered.

21. The ARS Accoutns' Date of Status was changed from June 2018 to October 2018.

22. As mentioned above, the Date of Status and First Reported Date are static and cannot accurately change because there was no change in account history.

23. Upon information and belief, ARS's erroneous reporting to Experian resulted in the date change. After Plaintiff's requests to investigate, ARS failed to reasonably investigate.

24. Experian failed to conduct a reasonable investigation into the accuracy of the trade lines, and allowed/enabled ARS to erroneously change reporting dates on Plaintiff's credit report. Alternatively, Experian itself changed the dates.

25. After Plaintiff's requests to reinvestigate, Experian failed to conduct a reasonable reinvestigation.

26. As a direct and proximate cause of Defendants' failure to perform their duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

### COUNT I
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY ARS

27. Plaintiff realleges the above paragraphs as if recited specifically set forth at length herein.

28. At all times pertinent hereto, ARS was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

29. ARS willfully and negligently supplied Experian with information about Plaintiff that was false, misleading, and inaccurate.

30. ARS willfully and negligently failed to conduct an investigation of the inaccurate information that Plaintiff disputed, and continued to report dates that were inaccurate.

31. ARS willfully and negligently failed to report the results of its investigation to the relevant consumer reporting agencies.

32. ARS willfully and negligently failed to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies, concerning the inaccurate information disputed by Plaintiff.

33. ARS willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies.

34. ARS willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

35. ARS' conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, ARS was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant Plaintiff a judgment against ARS for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

### COUNT II
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### BY ARS

36. Plaintiff realleges the above paragraphs as if recited specifically set forth at length herein.

37. ARS has placed erroneous information on key components of Plaintiff's credit report including the First Reported Date and the Date of Status in violation of 15 U.S.C. §§ 1692e(8), and e(10).

38. Section 1692e provides:

> **§ 1692e. False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

WHEREFORE, PLAINTIFF PRAYS that this court grant Plaintiff a judgment against ARS for statutory damages, actual damages, costs, interest, and attorneys' fees.

## COUNT III
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY EXPERIAN

39. Plaintiff realleges the above paragraphs as if recited specifically set forth at length herein.

40. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

41. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

42. Experian negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

43. After receiving Plaintiff's disputes highlighting the errors, Experian negligently and willfully failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

44. As a direct and proximate cause of Experian's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

45. Experian's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Experian was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant Plaintiff a judgment against Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## JURY TRIAL DEMAND

46. Plaintiff demands a jury trial on all issues so triable.

Dated: February 3, 2021.

Respectfully Submitted,

/s/ Nicholas Linker
Nicholas Linker, Esq.
Zemel Law LLC
660 Broadway
Paterson, New Jersey 07514
(Tel): 862-227-3106
nl@zemellawllc.com